STICKNEY, Treas. v. ISAAC et

Ohio Appeals, 6th Dist., Williams Co.

No. 182. Decided June 1, 1926

719. LIENS—Where a mortgage is taken on real property without knowledge that it is being used for illegal traffic in liquor, the mortgagee is entitled to priority over the tax assessment lien to the extent of the actual principal.

WILLIAMS, J.

This case came to the Court of Appeals on appeal from the Williams Common Pleas. In a former litigation, George Isaac brought suit to enjoin the collection of a liquor traffic assessment by the auditor against lots 260, 261 and 262, in the City of Bryan. Collection was enjoined as against lots 260 and 261 but the assessment upon lot 262 was held to be a valid lien.

Ross Stickney in this case sought to enforce this lien and one Henry Rosen claimed a lien on the premises by virtue of three mortgages. The Court of Appeals held:

1. For years it was the settled law that upon a judicial sale of real property which is encumbered by the lien of a liquor tax assessment and the liens of mortgages, the former is entitled to priority over the latter in the distribution of the proceeds of the sale. 90 OS. 355.

2. Section 6212-33 GC. as amended on April 5, 1923, 110 OL. 75 provides that where a mortgage exists on such real property, for a valuable consideration, in good faith without knowledge on part of the mortgagee that such property was being used for the illegal traffic in intoxicating liquors, the lien shall be prior to the lien of assessment.

3. It is claimed that the assessment lien attached prior to the amendment, so that it is necessary to determine whether it is applicable to an assessment previously made.

4. Sec. 26 GC., provides that no repeal or amendment shall effect causes of such action . . . . existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.

5. As there is no language in the amending act which provides it shall apply to existing causes of action, its enactment did not change the order of priority as between the assessment lien and the mortgage liens.

6. The language employed in 6212-33 GC. is made applicable in cases where a mortgage existed at the time the assessment is made and not to one which existed at the time the section was amended.

7. The tax lien must be satisfied first out of the proceeds of the sale of lot 262 and any fund remaining may be applied in satisfaction of the mortgage liens.

Judgment accordingly.

Attorneys—Lisle M. Weaver, Pros. Atty., and E. C. Peck, Bryan, for Stickney; J. A. Weaver, Bryan and Johnson, Johnson & Farber, Toledo, for Isaac et al.